IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-80 |
| TAHIR HIGHTOWER | : | |

### ORDER

**AND NOW**, this ____ day of _____ 2025, the Court having considered the defendant's Motion to Dismiss (Doc. 16) and the Government's Response in Opposition, it is hereby **ORDERED** that said Motion is **DENIED**.


BY THE COURT:


_____
**HONORABLE CHAD F. KENNEY**
*United States District Court Judge*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-80 |
| TAHIR HIGHTOWER | : | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO DISMISS**

Defendant Tahir Hightower is charged with possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g). He asserts that this statute is unconstitutional under the Second Amendment, both on its face and as applied to him. This motion should be denied.

The Third Circuit has made clear that the government does not offend the Constitution to bar possession of a firearm by a person who presents a danger to others, specifically, if he poses "an increased risk of 'physical danger to others' if armed." *Pitsilides v. Barr*, 128 F.4th 203, 212 (3d Cir. 2025), *quoting Range v. Att'y Gen. United States*, 124 F.4th 218, 232 (3d Cir. 2024) (en banc). In *Pitsilides*, the Court confirmed that Section 922(g) may validly bar possession by dangerous persons, including those earlier convicted of violent offenses, and of crimes that may lead to violence (like burglary and drug dealing)). *See also United States v. White,* 2025 WL 384112 (3d Cir. Feb. 4, 2025) (not precedential) (denying, on plain error review, a Second Amendment

objection to a 922(g) conviction presented by a defendant previously convicted of numerous aggravated assault and drug offenses).

Consistently, trial courts in this district in recent years have unanimously rejected Second Amendment challenges to 922(g) prosecutions presented by offenders who were previously convicted of violent or drug trafficking crimes, and earlier firearm offenses. *See, e.g.*, *United States v. Harris*, 2023 WL 7927758 (E.D. Pa. Nov. 16, 2023) (McHugh, J.) (denying motion by person previously convicted for felony firearm possession charges, based on the "exhaustive" analysis and consistent determinations by all other judges in the district to address the issue; citing decisions of 12 other district judges); *United States v. Hedgepeth*, 2023 WL 7167138 (E.D. Pa. Oct. 31, 2023) (Marston, J.) (denying challenge by defendant previously conviction of unlawful possession of firearm, reckless endangerment, and burglary, "given the scads of historical examples of lawmakers disarming those who they believed posed a potential danger to society"); *United States v. Rooks*, 2023 WL 8237257, at *6 (E.D. Pa. Nov. 28, 2023) (Kenney, J.) ("Mr. Rooks' past crimes, including theft/fraud, controlled substance crimes, and gun-point armed robbery, demonstrate that, if armed, he poses a danger to society. Therefore, the prohibition of firearm possession by Mr. Rooks passes constitutional muster as his case does not fit within the narrow facts applicable in Mr. Range's case."); *United States v. Ames*, 2023 WL 5538073, at *3 (E.D. Pa. Aug. 28, 2023) (Kenney, J.) (same result with regard to person previously convicted of the "paradigmatic violent crimes" of robbery and aggravated assault, and rejecting facial challenge as well).

In this case, defendant Hightower is only 22 years old, but has already amassed a lengthy criminal history dating back to his early teens that establishes he is a danger to others. He was arrested for the first time in 2015 at the age of 12 based on retail theft. In 2017, the defendant was arrested and adjudicated delinquent for robbery, possession of an instrument of crime, and conspiracy. That case involved a firearm. In 2019, the defendant was arrested for riot and aggravated assault. He was adjudicated delinquent for the riot charge. A couple of months later, the defendant was arrested for robbery, simple assault, and recklessly endangering another person. In that case, he was adjudicated delinquent for simple assault, theft, and conspiracy. In 2020, the defendant was arrested for unauthorized use of an automobile and adjudicated delinquent. Later that year, as well as again in 2021, the defendant was arrested and adjudicated delinquent for unauthorized use of an automobile.

In 2023, the defendant was arrested as an adult for firearms charges. On July 12, 2024, the defendant was convicted of carrying a firearm without a license, as well as possession of a firearm by a prohibited person. The defendant was subsequently sentenced to 11½ to 23 months in prison, followed by two years of probation. Significantly, the defendant was still on probation when he was arrested in this case. Through his criminal history, the defendant has shown that he poses an increased risk of 'physical danger to others' if armed.[1]

---

[1] Even putting aside Hightower's extensive juvenile record, his recent adult conviction for firearm possession offenses is itself sufficient to warrant the application of § 922(g) at this time. *See, e.g.*, *United States v. Benson*, 2023 WL 8373161 (E.D. Pa.

Here, the defendant's motion also fails for another fundamental reason: he was on probation at the time of his charged possession of a firearm. The decision in *United States v. Moore*, 111 F.4th 266 (3d Cir. 2024), thus also dispatches the defendant's constitutional claim. *Moore* held that "[a] convict completing his sentence on supervised release does not have a Second Amendment right to possess a firearm." *Id.* at 273. The Court determined that barring firearm possession by a person subject to a criminal sentence is consistent with the nation's historical tradition of firearm regulation, as required by Supreme Court precedent. The Third Circuit explained:

> Convicts could be required to forfeit their weapons and were prevented from reacquiring arms until they had finished serving their sentences. This historical practice of disarming a convict during his sentence—or as part of the process of qualifying for pardon—is like temporarily disarming a convict on supervised release.

*Id.* at 271. Based on this determination, the Court likewise denied Moore's facial challenge to Section 922(g)(1). *Id.* at 273 n.5.

---

Dec. 4, 2023) (Beetlestone, J.) (§ 922(g) is constitutional as applied to a person convicted of the dangerous offense of bringing a firearm onto school property, for which he was convicted of (1) carrying a firearm without a license, in violation of 18 Pa. Cons. Stat. § 6106(a)(1) (a felony); (2) possessing a weapon on school property, in violation of 18 Pa. Cons. Stat. § 912(a) (a misdemeanor); and, (3) recklessly endangering another, in violation of 18 Pa. Cons. Stat. § 2705 (a misdemeanor)); *United States v. Allen*, 2023 WL 8701295 (E.D. Pa. Dec. 15, 2023) (Goldberg, J.) (922(g)(1) is constitutional as applied to person previously convicted of possessing a firearm in a car without a concealed carry permit, 18 Pa. Cons. Stat. § 6106); *United States v. Fields*, 2024 WL 756948, at *4 (W.D. Pa. Feb. 23, 2024) (Horan, J.) (same); *United States v. Speaks*, 2024 WL 1333035 (E.D. Pa. Mar. 28, 2024) (Kearney, J.) (exhaustive opinion upholding § 922(g)(1) in general and as applied to person previously convicted of unlawful possession of a firearm in violation of §§ 6106 and 6108).

Subsequently, the Third Circuit made clear that a person subject to any probationary sentence (such as probation, parole, or supervised release) enjoys no Second Amendment right at that time to possess a firearm. *United States v. Quailes*, 126 F.4th 215, 222 (3d Cir. 2025).

For these reasons, the defendant's motion must be denied.

                                                   Respectfully submitted,

                                                   DAVID METCALF
                                                   United States Attorney

                                                 */s/ Shayna Gannone*
                                                 SHAYNA GANNONE
                                                 Assistant United States Attorney

Date: April 29, 2025

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Response to Defendant's Motion to Dismiss was served by electronic mail, on the following defense counsel:

Katrina Young, Esq.
Katrina_young@fd.org

*/s/ Shayna Gannone*
SHAYNA GANNONE
Assistant United States Attorney

Date:   April 29, 2025